IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Owens-Brockway Glass Container, Inc.,         Case No. 3:14CV1578

    Plaintiff

    v.                                                **ORDER**

eCullet, Inc.,

    Defendant

      This is a suit by a glass container manufacturer, Owens-Brockway Glass Container, Inc. (Owens), against a joint venture partner, eCullet, Inc. (eCullet). Owens claims that eCullet breached the parties' joint venture operating agreement by failing to develop a facility near Denver, Colorado, to process recycled glass into cullet for use by Owens in making glass containers. Owens' suit seeks transfer to it of eCullet's fifty-percent stake in the joint venture in exchange for Owens' payment to eCullet of $1,179,317.59.

      Owens also alleges that eCullet has impermissibly sold its assets to another firm; that sale, Owens contends, likewise constituted a breach of the operating agreement.

      This litigation, which has been underway for eleven months, has proceeded slowly. Among the reasons that this is so is that eCullet has been seeking without success to overcome substantial financial difficulties.

      In March and April of this year, Owens filed two separate demands for arbitration. The first seeks arbitration of Owens' contention that eCullet has breached a provision of the joint operating

agreement other than the provision, the alleged breach of which gives rise to this suit. The second seeks arbitration of Owens' claim that eCullet has breached a different agreement relating to supply of cullet.

Pending is eCullet's motion to stay this proceeding pending the outcome of either or both of the arbitrations. (Doc. 34). Owens opposes the motion to stay, noting: 1) the different gravamens of this suit and the first demand for arbitration; 2) the likelihood that this litigation will probably conclude before either of the arbitrations; and 3) that its second arbitration demand involves, not the joint operating agreement, but a supply agreement. Owens also disputes the breadth of my discretion in ruling on a motion to stay where parties engage in multiple proceedings simultaneously.

I agree that I should grant the motion to stay these proceedings.

First, as eCullet argues, my ability to make sensible use of adjudicative resources, especially judicial resources, is broad and does not depend on a congruence of issues among the various actions:

> A district court can, at its discretion, stay an action pending the conclusion of an alternative proceeding. *See, e.g., Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952)) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."). In addition, "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."

*Nolan, LLC v. EZ Moving & Storage West, Inc*. 2005 WL 2063949, *2 (E.D. Mich. 2005).

Thus, contrary to Owens' contentions, I can properly exercise discretion to stay in this instance.

Second, I am also persuaded that staying proceedings here is appropriate. Owens, with, presumably, vastly larger resources than eCullet, has not explained why it has recently undertaken to escalate its conflict with eCullet to encompass three fronts.[1]

In any event, I am not persuaded that this litigation will necessarily come to an end before either or both arbitrations. Were I to grant Owens' pending motion for summary judgment (a response to which is not due until October 1, 2015), it would seem likely that eCullet would appeal – thereby postponing a final outcome in this case until, at the earliest, a year or so from now. I doubt that arbitration, given the narrow scope of review, will take that long to be decisive.

Staying these proceedings will, moreover, eliminate the risk, otherwise substantial, of inconsistent outcomes – always a desirable thing to avoid.

Finally, and most conventionally, though perhaps not most importantly, I have plenty else to do besides handle a dispute that arbitration most likely can resolve.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] I confess some bafflement as to why Owens prefers to have this litigation, with its $1.2 million price tag if it prevails, continue, rather than abiding the outcome of the first arbitration. Each proceeding can result in transfer of eCullet's shares to Owens. Success in the arbitration would, as I understand things, cost Owens about $850,000.